**Roy D. RUTLEDGE and Lillian M. Rutledge, his wife, Appellants,**

v.

**Marvin YOUNG, Appellee.**

Court of Appeals of Kentucky.

Oct. 8, 1982.

Discretionary Review Denied March 23, 1983.

Daniel C. Hicks, Keith, Myers & Hicks, Hopkinsville, for appellants.

Grady Ruff, Hopkinsville, for appellee.

Before HOWERTON, WHITE and WIL-HOIT, JJ.

WILHOIT, Judge.

This is an appeal from a judgment of the Christian Circuit Court holding that the appellee is the owner of a portion of the bed of a man-made lake and that he and all owners of any portion of the lake bed or owners of lands with boundaries extending along the watershed of the lake, together with their lessees and licensees, were entitled to use the entire surface of the lake for boating and fishing.

The lake in question was built on private property by the East Fork Pond River Watershed Conservancy District for flood control and was found by the court to be unnavigable. The cost of construction of the lake and its dam was paid by a federal agency; however, landowners within the conservation district were assessed by it to pay the costs of securing easements across the lands on which the lake and dam were to be situated and easements for ingress and egress for maintaining the lake and dam. The lake covers approximately twenty-three acres of land, almost all of which is owned by the appellants, subject, of course, to the easement for construction and maintenance of the lake. The appellee claimed to own .04 acre of the land comprising the lake bed. This action was brought by the appellants, among other things, to enjoin the appellee and his invitees from trespassing on that part of the lake overlying the land owned by the appellants.

The appellants argue first that the trial court's finding that the appellee owns a portion of the lake bed is clearly erroneous. However, we find that there was substantial evidence to support this finding. CR 52.01. This evidence is found in the testimony of the various witnesses for the appellee concerning the location of the old road bed which is his western boundary.

The appellants argue next that the trial court erred as a matter of law in holding that an owner of a portion of the bed of a man-made lake is entitled to use the entire surface of the lake for boating and fishing. The parties agree that this precise question has never been determined by an appellate court in this jurisdiction, and our research convinces us this is true. Nevertheless, there seems to be ample authority on the question from other jurisdictions. *See* cases cited in Annot., 57 A.L.R.2d 569 (1958) and Annot., 5 A.L.R. 1056 (1920).

The general rule accepted in other jurisdictions is that the owner of a part of the bed of an artificial, unnavigable pond or lake has exclusive right to the water above it. *See* 93 C.J.S. *Waters* § 105 (1956); Annot., 57 A.L.R.2d 569, § 10 (1958). In the absence of prescriptive rights, the owner of the bed may exclude others from boating upon the surface of the water over his land. *See* 12 Am.Jur.2d *Boats and Boating* § 24 (1964). This rule appears to be logical and fair, and we see no reason not to adopt it. Applied to the facts before us, in the absence of a finding of any prescriptive right in the appellee, his invitees, or others to use the surface of the lake overlying the land of the appellants, we conclude the trial court erred in holding that the appellee and others than the appellants were entitled to use the surface of the lake above the appellants' land for boating or fishing.

The generally-accepted rule seems to be otherwise where the owners of various portions of the lake bed own by virtue of purely littoral or riparian rights. In such cases the owners are entitled to the use in common of the entire surface of the lake. *See* Annot., 57 A.L.R.2d 569, § 11 (1958). Although the trial court apparently believed otherwise, the parties here do not base their claim of ownership to the lake bed on riparian rights but upon ownership of land on which an artificial lake has been constructed. *See Kraver v. Smith,* 164 Ky. 674, 177 S.W. 286 (1915); 78 Am.Jur.2d *Waters* § 264 (1975).

The judgment of the trial court concerning the appellee's ownership of a portion of the lake bed is affirmed. The judgment of the trial court concerning the right of the appellee and others to use the entire surface of the lake is reversed and this case is remanded for further proceedings consistent herewith.

All concur.